FILED BY _____ D.C.

05 SEP 13 PM 4:19

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SYMANTHIA COOPER, ) | |
| Plaintiff, ) | |
| vs. ) | No. 04-2806MaV |
| MEMPHIS AREA MEDICAL CENTER FOR ) WOMEN and BARBARA WOTHERSPOON, ) M.D., individually, ) | |
| Defendants. ) | |

ORDER GRANTING AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT

Before the court is the August 29, 2005 amended motion of the plaintiff, Symanthia Cooper, for leave to amend Paragraph 6 of her complaint to allege an amount-in-controversy in excess of $75,000 exclusive of costs and interest. The defendants, Barbara Wotherspoon and Memphis Area Medical Center for Women, oppose the amendment as being untimely and futile and causing undue delay. This motion was referred to the United States Magistrate Judge for determination. For the following reasons, the motion is granted.

On October 7, 2004, Cooper filed her original complaint against the defendants alleging medical malpractice arising out of a failed abortion procedure performed on July 8, 2004. The plaintiff asserted subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Paragraph 6 of

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___9-14-05___

36

the original complaint alleged that the damages sought exceeded $50,000 exclusive of costs and interest.

On August 11, 2005, the deadline for amending pleadings according to the scheduling order, Cooper filed a motion to amend the complaint to increase the amount of alleged damages. The court denied the motion without prejudice for the failure of Cooper, the plaintiff, to attach a certificate of consultation and failure to submit a supporting memorandum of law. Cooper promptly renewed her motion to amend by filing this amended motion on August 29, 2005. Because Cooper first sought to amend within the period established by the scheduling order and because her motion was denied without prejudice, the court finds that her amended motion is timely. The court further finds that Cooper has not unduly delayed in seeking to amend her complaint.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Under Rule 15(a), the court has some discretion in allowing amendments. Factors to consider include prejudice to the opposing party, delay, and futility of amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The defendants argue that the proposed amendment would be subject to dismissal and is therefore futile. The defendants point out that Cooper has not alleged a specific amount of damages in her

2

proposed amended complaint. The defendants rely on *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993) for the proposition that when a plaintiff seeks to recover an unspecified amount that is not self-evidently greater than the federal jurisdictional amount-in-controversy requirement, the plaintiff must show by a preponderance of the evidence that the amount-in-controversy is in excess of the jurisdictional amount.

The defendants misinterpret the rule of law set forth in *Gafford*. In *Gafford*, the plaintiff filed her complaint in state court, and the defendant removed the lawsuit to federal court. The principles of law which govern remand of a removed case differ from those that govern cases originally filed in federal court. The Sixth Circuit recognized that the starting point for resolving an amount-in-controversy issue was the Supreme Court's decision in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). The Court wrote in *St. Paul*:

> The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. The rule governing dismissal for want of jurisdiction *in cases brought in the federal court* is that, unless the law gives a different rule, *the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.* The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint

3

> discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

*Gafford*, 997 F.2d at 156, *citing St. Paul*, 303 U.S. at 288-91)(emphasis in *Gafford*). The Sixth Circuit concluded "it is evident that, if a plaintiff brings an action in federal court and a defendant seeks dismissal on amount-in-controversy grounds, the case will not be dismissed unless it appears that the plaintiff's assertion of the amount in controversy was made in bad faith." *Gafford*, 997 F. 2d at 156, *citing Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961); *Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272, 273 (6th Cir. 1973). The assertion of the amount-in-controversy by the plaintiff is presumed to have been in bad faith "it it appears, to a legal certainty, that the original claim was really for less than the amount-in-controversy requirement." *Id.*

From a review of the factual allegations in the original complaint and the proposed amended complaint and a review of the plaintiff's initial disclosures, it cannot be said at this time

4

that, to a legal certainty, Cooper's claim is for less than the federal jurisdictional amount of $75,000. The factual allegations support the good faith of the plaintiff in claiming damages in excess of $75,000.

Accordingly, the plaintiff's amended motion for leave to amend her complaint is granted. Cooper is directed to file the amended complaint within fifteen days of the date of this order and serve it on the defendants.

IT IS SO ORDERED this 12th day of September, 2005.

_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 36 in case 2:04-CV-02806 was distributed by fax, mail, or direct printing on September 14, 2005 to the parties listed.

---

Brian H. Neely
LAW OFFICE OF BRIAN H. NEELY
P.O. Box 1032
Tupelo, MS 38802

James T. McColgan
LAW OFFICE OF JAMES T. McCOLGAN & ASSOCIATES, PLLC
1661 International Dr.
Ste. 400
Memphis, TN 38120

James L. Kirby
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

William W. Housley
LAW OFFICE OF WILLIAM W. HOUSLEY, JR
110 Robins St.
Tupelo, MS 38804

Jeffrey L. Griffin
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Melanie R. Dunlap
HARRIS SHELTON DUNLAP COBB & RYDER
2700 One Commerce Square
Memphis, TN 38013

Honorable Samuel Mays
US DISTRICT COURT