FILED BY ___ *CAP* ___ D.C.

2005 OCT 21 PM 4: 24

THOMAS ___
CLERK, U.S. DISTRICT COURT
W/D OF TENNESSEE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SYMANTHIA COOPER,                    )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )       No. 04-2806 MaV
                                     )
MEMPHIS AREA MEDICAL CENTER FOR      )
WOMEN and BARBARA WOTHERSPOON,       )
M.D., individually,                  )
                                     )
            Defendants.              )

---

## ORDER DENYING MOTIONS OF DEFENDANTS TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT DISCLOSURES

---

Before the court is the September 6, 2005 motion of defendant Barbara Wotherspoon and the September 12, 2005 motion of defendant Memphis Area Medical Center for Women to strike plaintiff's supplemental expert disclosures. On October 6, 2005, the court granted such motions because the plaintiff, Symanthia Cooper, failed to respond but on October 14, 2005, the court granted Cooper's motion to reconsider and granted her additional time to respond to the motion of defendant Barbara Wotherspoon, which had not been served on Cooper. Cooper's responses opposing both motions have now been filed with the court.

Cooper filed her original complaint on October 7, 2004, alleging that she was injured as the result of a medical procedure performed by Dr. Wotherspoon at the Memphis Area Medical Center for

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _10-31-05_

59

Women.  The court entered a scheduling order on December 15, 2004 that established the final date for Cooper to disclose her Rule 26 expert information as April 15, 2005.

On April 8, 2005, Cooper filed her designation of witnesses, which named Dr. Barbara A. McMillan and J. Jolene Bailey, Ph.D as her expert witnesses.  According to the designation, Dr. McMillan would testify that Wotherspoon deviated from the accepted standard of care in certain respects enumerated in the designation and that such deviations constitute negligence and/or gross negligence.

Dr. McMillan's deposition began on June 14, 2005, but was not concluded.  At the deposition, Wotherspoon's attorney was the only one to depose Dr. McMillan, and he did not complete his questioning.  Neither counsel for Memphis Area Medical Center nor counsel for Cooper had an opportunity to question Dr. McMillan during the deposition.[1]  At her deposition, Dr. McMillan stated that she "may have some other opinions" other than those contained in her report.  She agreed that she had an obligation to include all relevant opinions in her report.  Dr. McMillan also conceded at the deposition that her report did not address the issue of causation.

---

[1] During an October 19, 2005 telephone conference with the court, counsel for the parties agreed that Dr. McMillan's deposition had still not been completed.  In addition, counsel stated that the other experts had not yet been deposed.

2

On August 26, 2005, Cooper filed supplemental expert disclosures. The supplemental disclosures added that Dr. McMillan would testify that (1) it was negligent that "[n]o post-operative sonogram was performed when no fetal tissue was identified grossly"[2] and (2) "the negligence that resulted in the failed abortion is the direct and proximate causes of the retained products of conception, specifically, a living fetus, and the necessity for the follow-up treatments and procedures."

Defendants Wotherspoon and Memphis Area Medical Center contend that the court should strike the plaintiff's supplemental expert disclosures as untimely because they were filed more than four months after the April 15, 2005 deadline for disclosure of Rule 26 expert information. The defendants further contend that Cooper has not shown good cause to alter the scheduling order and to extend the deadline for disclosure of expert information, as required by Rule 16. They specifically argue that the two new opinions added

_____

[2] Although the defendants contend that this is a new opinion, it is unclear whether this opinion was in essence already contained in the original expert disclosure. In the April 8, 2005 designation of witnesses, Dr. McMillan alluded to the fact that Wotherspoon's visual examination was inadequate because, "at nine to eleven weeks, fetal tissue can definitely be visualized grossly." In addition, Dr. McMillan noted that after a pathology lab reported that there was no fetal tissue identified, "[t]here was apparently no follow up of this information by the Clinic." Dr. McMillan concluded that the noted deviations from the accepted standard of care "constitute negligence and/or gross negligence."

3

in Dr. McMillan's supplemental report are not based on any newly discovered facts because Dr. McMillan knew that no post-operative sonogram was performed and also knew, at the time of the initial expert disclosures, the facts on which she based her new causation opinion. Finally, the defendants argue that they are prejudiced by the late filed opinions because they relied on Cooper's initial expert disclosures to prepare their cases, retain experts, and initiate depositions of Cooper's experts. The defendants further argue that, if the court allows Cooper's supplemental expert disclosures, the defendants would need additional time to allow their experts to review Dr. McMillan's new opinions, which would unnecessarily delay the trial set for November 28, 2005.

Cooper opposes the motions. Cooper argues that Dr. McMillan did not have complete medical records at the time her deposition began and was unaware that a pre-operative sonogram was conducted. According to Cooper, Dr. McMillan's opinion that Wotherspoon was negligent because "[n]o post-operative sonogram was performed when no fetal tissue was identified grossly" was added after Dr. McMillan discovered that a pre-operative sonogram was conducted and that a post-operative sonogram would have prevented the medical result. In addition, Cooper states that Dr. McMillan's opinion on causation was not included in the initial expert disclosures due

to an oversight.  Cooper argues that the defendants were on notice that this is a negligence action with causation as an element, and that the defendants have retained experts to contradict the opinions advanced by Dr. McMillan.  As a result, Cooper contends that the defendants are not prejudiced by Dr. McMillan's supplemental affidavit.

Although parties must make expert disclosures by the dates designated by the court, parties also have a duty to supplement such disclosures.  Rule 26(a)(2)(C) states that disclosures of expert testimony "shall be made at the times and in the sequence directed by the court."  FED. R. CIV. P. 26(a)(2)(C).  In the absense of other directions from the court or stipulation of the parties, disclosures shall be made at least 90 days before the trial date.  *Id.*  However, Rule 26(a)(2)(C) also states that "[t]he parties shall supplement these disclosures when required under subdivision (e)(1)."

Rule 26(e) requires a party to supplement or correct a disclosure to include information thereafter acquired if ordered by the court or if the party learns that the information disclosed is incomplete or incorrect in some material respect.  FED. R. CIV. P. 26(e).  With respect to the testimony of an expert from whom a report is required, the duty to supplement or correct extends both

5

to information contained in the report and to information provided through the expert's deposition.   According to Rule 26(e)(1), expert testimony must be supplemented by the time disclosures are due under Rule 26(a)(3).   Under that rule, disclosures must be made at least 30 days before trial, unless otherwise directed by the court.   *See* FED. R. CIV. P. 26(a)(3).

Here, Cooper made her initial disclosures on April 8, 2004, before the April 15, 2004 deadline set by the court.   After Cooper's initial expert disclosures, Dr. McMillan discovered that a preoperative sonogram was conducted.   Cooper contends that this after-acquired information made the initial disclosures incomplete or incorrect.   In addition, Dr. McMillan and Cooper discovered after the initial expert disclosures that the disclosures were incomplete with respect to the element of causation.   Rule 26(e) not only permits but requires a party to supplement disclosures to include this information in such circumstances, as long as the party's supplemental disclosure is timely.

Here, the court did not direct a final date to supplement the expert disclosures. According to Rule 26(e)(1), the supplemental disclosures must therefore be made by the time pretrial disclosures are due under Rule 26(a)(3).   The Notice of Setting letter requires pretrial disclosures to be made on or before November 10, 2005, the

6

date the proposed pretrial order is due. Dr. McMillan's supplemental expert report was submitted by Cooper on August 26, 2005, well in advance of the deadline of November 10, 2005, for pretrial disclosures. As such, the supplemental report of Dr. McMillan is timely.

Moreover, the defendants will suffer little prejudice as a result of Dr. McMillan's supplemental disclosures. Dr. McMillan's deposition has not been completed and the parties are still conducting discovery. Although the defendants claim that they relied on Cooper's expert disclosures to prepare their cases and retain experts, they should have anticipated the first new issue concerning the failure to perform a post-operative sonogram, as Dr. McMillan alluded to such a conclusion in her initial report. They also should have anticipated and prepared for the second new issue concerning causation, as causation is an element of Cooper's claim. As a result, allowing the supplemental expert disclosures does not unduly prejudice the defendants.

Accordingly, the motions of defendant Barbara Wotherspoon and defendant Memphis Area Medical Center for Women to strike Cooper's supplemental expert disclosures are denied.

IT IS SO ORDERED this 21st day of October, 2005.


DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 59 in case 2:04-CV-02806 was distributed by fax, mail, or direct printing on October 31, 2005 to the parties listed.

---

Melanie R. Dunlap
HARRIS SHELTON DUNLAP COBB & RYDER
2700 One Commerce Square
Memphis, TN 38013

James T. McColgan
LAW OFFICE OF JAMES T. McCOLGAN & ASSOCIATES, PLLC
1661 International Dr.
Ste. 400
Memphis, TN 38120

James L. Kirby
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

William W. Housley
LAW OFFICE OF WILLIAM W. HOUSLEY, JR
110 Robins St.
Tupelo, MS 38804

Jeffrey L. Griffin
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Brian H. Neely
LAW OFFICE OF BRIAN H. NEELY
P.O. Box 1032
Tupelo, MS 38802

Honorable Samuel Mays
US DISTRICT COURT