```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION
_____

SYMANTHIA COOPER,                      )
                                       )
     Plaintiff,                        )
                                       )
v.                                     )
                                       )      No. 04-2806 Ma/V
MEMPHIS AREA MEDICAL CENTER FOR        )
WOMEN, INC. and BARBARA                )
WOTHERSPOON, M.D.,                     )
                                       )
     Defendants.                       )
                                       )
_____

           ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
_____
```

Plaintiff Symanthia Cooper ("Cooper") brings this action against Defendants Memphis Area Medical Center for Women, Inc. ("MAMCW") and Barbara Wotherspoon, M.D. ("Dr. Wotherspoon") under the court's diversity jurisdiction, alleging medical malpractice and medical negligence. Before the court are two motions for summary judgment. MAMCW filed a motion for summary judgment on January 26, 2006. Dr. Wotherspoon filed a motion for summary judgment on February 2, 2006. On March 1, 2006, Cooper filed a combined response to both motions. MAMCW filed a reply on March 28, 2006, and Dr. Wotherspoon's motion to join MAMCW's reply was granted on April 6, 2006. For the following reasons, Defendants' motions are GRANTED.

**I. Background**

On July 8, 2004, Dr. Wotherspoon performed an abortion on Symanthia Cooper at MAMCW. (Def. MAMCW's Mem. ¶ 1.) On July 26, 2004, Cooper went to the North Mississippi Medical Center in Tupelo, Mississippi, for emergency medical treatment and was informed that she was still pregnant. (Am. Compl. ¶ 19.3.) Cooper again received medical care at the North Mississippi Medical Center, where she miscarried on August 15, 2004. (Id. ¶ 20.)

Cooper filed suit on October 7, 2004. The deadline for Plaintiff to designate any Rule 26 expert witnesses was April 15, 2005. By that deadline, Cooper had designated two expert witnesses, Beverly A. McMillan, M.D. ("Dr. McMillan"), and J. Jolene Bailey, Ph.D. ("Dr. Bailey") (MAMCW's Mem. ¶ 5.) On December 29, 2005, the court issued an order granting Defendants' motions to exclude the testimony of Dr. McMillan. (Order on Defs.' Pending Mots. in Limine on Expert Test. 4-7, d.e 96.) Dr. Bailey is a psychologist and, therefore, not qualified to testify as to medical causation. (Id. at 7.) At a status conference held on July 27, 2006, Cooper's attorneys informed the court that they did not require any additional discovery.

**II. Jurisdiction and Applicable Law**

Symanthia Cooper is citizen of Mississippi, residing in Lee County, Mississippi. Memphis Area Medical Center for Women, Inc.

2

is a Tennessee corporation with its principal place of business in Memphis, Tennessee. At the time of the events giving rise to this cause of action, Dr. Wotherspoon was a physician licensed in and by the State of Tennessee and a citizen of Tennessee. She is not now nor has she at any relevant time been a citizen of Mississippi. Because the amount in controversy exceeds $75,000, the court has diversity jurisdiction under 28 U.S.C. § 1332.

As a diversity action, the substantive law governing this case is state rather than federal law. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). A federal district court is required to apply the "choice of law" rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998). "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." Klaxon, 313 U.S. at 496. Therefore, this court must apply the Tennessee rule to determine which jurisdiction's law to apply.  In tort cases, the Tennessee rule is the "most significant relationship" approach set forth in the Restatement (Second) of Conflict of Laws. Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992).

> Contacts to be taken into account...to determine the
> law applicable to an issue include:
>     (a) the place where the injury occurred,
>     (b) the place where the conduct causing the injury
>     occurred,
>     (c) the domicile, residence, nationality, place of

>       incorporation and place of business of the
>       parties, and
>
>       (d) the place where the relationship, if any,
>       between the parties is centered.
>
> These contacts are to be evaluated according to their
> relative importance with respect to the particular
> issue.

Id. (quoting Restatement (Second) of Conflict of Laws § 145(2)).

The relationship between the parties is centered on MAMCW's place of business in Memphis, Tennessee, which is also the place where the alleged injury to Cooper occurred and the place where the conduct allegedly causing the injury occurred. Therefore, the court will apply Tennessee substantive law.

**III. Standard for Summary Judgment**

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support an essential element of their case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts

4

showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. See InterRoyal Corp. v. Sponseller, 889 F.2d 108, 110-11 (6th Cir. 1989). Nonmovants have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. See id.

**IV. Analysis**

Defendants assert that the court should grant summary judgment in their favor because Cooper does not have a medical expert. "It is the established law in Tennessee that malpractice actions involving issues of negligence and proximate cause require expert testimony, unless the act of alleged malpractice

lies within the common knowledge of a layman." Bowman v. Henard, 547 S.W. 2d 527, 530-31 (Tenn. 1977) (internal citations omitted). Cooper argues, however, that the alleged malpractice does lie within the common knowledge of a layman and, therefore, that no expert testimony is required.

Cooper also asserts that the doctrine of res ipsa loquitur applies in this case. The doctrine "allows an inference of negligence where the jury has a common knowledge or understanding that events which resulted in the plaintiff's injury do not ordinarily occur unless someone was negligent." Seavers v. Methodist Med. Ctr. of Oak Ridge, 9 S.W. 3d 86, 91 (Tenn. 1999). Whether a plaintiff may establish an inference of negligence by using the doctrine of res ipsa loquitur, however, is separate from the issue of whether expert testimony in required in a particular medical malpractice case. See id. at 94 (although res ipsa loquitur is best-suited to cases that lie within the common knowledge of a layman, expert testimony may be used to establish an inference of negligence in more complex cases).

"Medical malpractice cases fitting into the 'common knowledge' exception typically involve unusual injuries such as a sponge or needle being left in the patient's abdomen following surgery or where the patient's eye is cut during the performance of an appendectomy." Id. at 92. Cooper asserts that a failed abortion falls into this category. It is probably true that a layman hearing the facts of this case would assume that Defendants were negligent in some way; however, there is a

6

difference between a common assumption and common knowledge. An abortion is a delicate surgical procedure. The average layman does not know the details of the procedure or its common risks. See McConkey v. State, 128 S.W. 3d 656, 660-61 (Tenn. Ct. App. 2003) (expert testimony required where vein was severed during vasectomy procedure because a layman does not know risks of procedure despite plaintiff's assertion that vasectomies are not inherently risky). A layman might assume that an abortion does not fail in the absence of negligence, but he does not know that to be true.

    Cooper has not identified any acts or omissions of Dr. Wotherspoon that allegedly caused her injury, relying instead solely on the fact that the abortion was unsuccessful to establish her claim for malpractice. Tennessee "law presumes a medical practitioner has discharged his full duty to a patient and will not presume negligence from the fact that the treatment was unsuccessful." Roddy v. Volunteer Med. Clinic, Inc., 926 S.W.2d 572, 578 (Tenn. Ct. App. 1996) (summary judgment appropriate in malpractice case where wall of plaintiff's uterus was perforated during abortion and expert did not establish appropriate standard of care or testify that physician's alleged acts or omissions were proximate cause of injury). Even with expert testimony, Cooper could not establish a claim for malpractice based solely on an unsuccessful result, and she cannot establish what acts or omissions, if any, by Dr. Wotherspoon caused her injury without expert testimony.

Therefore, expert testimony is required in this case.

Because Cooper does not have an expert to testify about the appropriate standard of care or what acts or omissions by Dr. Wotherspoon were the alleged proximate cause of the injury, Defendants' motions for summary judgment are granted.

## V. Conclusion

Defendant Memphis Area Medical Center for Women, Inc.'s motion for summary judgment is GRANTED.

Defendant Barbara Wotherspoon, M.D.'s motion for summary judgment is GRANTED.

So ordered this 29th day of August 2006.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE